## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| WALTER LOCKHART, JR.,<br>Individually and as Personal Representative of the<br>ESTATE OF STACY LOCKHART,<br>Plaintiff, | CIVIL ACTION NO.: |
| v. | **(Jury Trial Requested)** |
| NEW ENGLAND MOTOR FREIGHT, INC.,<br>Defendant. | May 17, 2016 |

## <u>COMPLAINT</u>

Plaintiff brings this action to recover monetary damages for the injuries he and his late wife, Stacy Lockhart (the "Decedent") sustained as the result of a motor vehicle accident on Interstate 95 in the area of Old Lyme, Connecticut involving a tractor-trailer that drove into the rear of a line of vehicles, including the vehicle in which the Decedent was a passenger, that were sitting in traffic in the early morning hours of August 15, 2015. The Decedent was part of a sorority organization which was traveling in caravan to take part in a social event on Cape Cod at the time.

The Defendant is the trucking company to whom the tractor-trailer was registered and for whom the driver, Rowan A. Phillip, was driving at the time of the collision, even though he had a suspended license at the time. The allegations of this complaint sound in wrongful death and negligence, citing the defendant's vicarious liability for the acts of its driver, but also alleging the defendant's direct liability for its negligent entrustment, hiring, training, retention and supervision of its driver.

## JURISDICTION AND VENUE

1.      Plaintiff Walter Lockhart, Jr. is a citizen and resident of the State of Alabama and the Decedent, Stacey Lockhart, was a citizen and resident of the State of Alabama.

2.      Defendant New England Motor Freight, Inc. (hereafter "NEMF" or "defendant") is a New Jersey corporation maintaining a principal place of business in New Jersey but operating on the highways throughout the State of Connecticut.

3.      This Court has jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that: a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District; the accident at issue occurred in this District; and the plaintiff has chosen this district to file his suit.

**COUNT ONE:**      **(Estate of Stacy Lockhart v. NEMF for wrongful death pursuant to Conn. Gen. Stat. § 52-555)**

5.      Walter Lockhart, Jr. is the Administrator of the Estate of his wife, Stacy Lockhart, and a copy of the fiduciary certificate is attached hereto as Exhibit A to this complaint. He brings this action pursuant to Conn. Gen. Stat. § 52-555.

6.      On or about August 15, 2015, at approximately 5:38 A.M., Stacy Lockhart was a passenger in a 2014 Buick automobile which was traveling northbound on Interstate 95 in the area of Exit 70 in Old Lyme, Connecticut.

7.      At approximately the same time and place, Rowan A. Phillip, was operating a tractor-trailer leased and registered to defendant NEMF in the same area on the northbound side of Interstate 95, behind the vehicle in which Stacy Lockhart was a

passenger.

8.      The tractor-trailer operated by Phillip and registered to NEMF was a "commercial motor vehicle" as that term is defined by 49 C.F.R. § 390.5.

9.      At all relevant times, NEMF and its employees operated commercial motor vehicles and therefore they were subject to the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 390.1-396.25 (hereafter "FMCSR") and Regs. Conn. State Agencies §§ 14-163c-1, 14-163c-2.

10.     These regulations are intended to reasonably protect the safety of the public.

11.     At all relevant times Phillip was an employee of NEMF as that term is defined by 49 C.F.R. § 390.5.

12.     At all relevant times, Phillip was acting for the benefit of and in the course and scope of his employment by NEMF.

13.     On or about August 15, 2015, at approximately 5:38 A.M, traffic on the northbound lanes of Interstate 95 in the area of Exit 70 in Old Lyme, Connecticut was heavy and the vehicle in which the Decedent was a passenger was moving slowly or stopped in traffic.

14.     At approximately the same time and place, the tractor-trailer registered to NEMF and being operated by Phillip failed to stop in response to traffic and struck the rear of a vehicle behind the plaintiff's vehicle with such force as to cause a chain-reaction that resulted in a total of seven (7) vehicles being struck with great force, including the vehicle in which the Decedent was a passenger.

15.     A substantial factor in causing the collision and the death of Stacy Lockhart was the negligence of Phillip including, but not limited to, one or more of the following

respects:

  a.   He was driving in excess of the posted speed, in violation of Conn. Gen.
       Stat. § 14-219 and FMCSR § 392.2;

  b.   He was driving unreasonably fast, in violation of Conn. Gen. Stat. § 14-
       218 and FMCSR § 392.2;

  c.   He was inattentive and failed to keep a proper lookout for other vehicles;

  d.   He was following too closely vehicles in front of him in violation of
       common law and Conn. Gen. Stat. §14-240;

  e.   He failed to take evasive action to avoid the collision;

  f.   He operated the tractor-trailer while his ability or alertness was so
       impaired through fatigue to make it unsafe for him to continue to operate
       the vehicle, in violation of FMCSR § 392.3;

  g.   He failed to apply his brakes to avoid the collision;

  h.   He was operating the motor vehicle while his license or registration was
       suspended, refused or revoked, in violation of Conn. Gen. Stat. §14-215;

  i.   He failed to maintain his vehicle under his control; and

  j.   He failed to drive as a reasonable driver of a commercial motor vehicle.

16.   The force of the collision led to injuries to Stacy Lockhart which resulted in her

death.

17.   As a result of the aforesaid injuries, the Decedent suffered a total and permanent

destruction of her earning capacity, all to her financial loss.

18.   As a further result of the aforesaid injuries, the Estate has incurred expenses, all to

its financial loss.

19.   As a further result of the aforesaid injuries, the Decedent suffered a total and

permanent destruction of her ability to carry on and enjoy all of life's activities.

20.   As a further result of the aforesaid injuries, the Decedent suffered permanent

impairment and pain and suffering, including the conscious pain and suffering prior to her death.

21.    NEMF is responsible for all damages to the Estate of Stacy Lockhart caused by the negligence of Phillips.


**COUNT TWO:**        **(Estate of Stacy Lockhart v. NEMF for negligent entrustment, hiring, supervision and retaining of Phillip)**

22.    The plaintiff repeats and realleges the allegations of Paragraphs 5 - 21 above with the same force and effect as if fully set forth herein verbatim.

23.    NEMF negligently entrusted a truck carrying its logo and/or cargo to Phillip when it knew or should have known of Phillip's inexperience and/or incompetence as a truck driver and his negligent driving habits.

24.    NEMF negligently entrusted a truck carrying its logo and/or cargo to Phillip when it knew or should have known that he was operating its vehicle while the registration and/or Phillip's license was refused, suspended or revoked, in violation of Conn. Gen. Stat. §14-215.

25.    NEMF negligently hired Phillip when it knew or should have known of Phillip's inexperience and/or incompetence as a truck driver and his negligent driving habits, and thereafter negligently trained, supervised and retained Phillip even after it should have become aware of his unsuitability or unfitness as a truck driver.

26.    NEMF's negligent entrustment of its truck to Rowan A. Phillip, its negligent hiring of him, and its negligent training, supervision and retaining of Phillip afterwards was a substantial factor in causing the death of Stacy Lockhart and the damages to the Estate detailed above.

**COUNT THREE:**  (Walter Lockhart, Jr. v. NEMF pursuant to Conn. Gen. Stat. § 52-555a)

27.     The plaintiff, Walter Lockhart, Jr. repeats and realleges the allegations of

Paragraphs 5-26 above with the same force and effect as if fully set forth herein verbatim.

28.     As a result of the conduct of the defendant NEMF, through its agents, servants or

employees, as described in this Count, Walter Lockhart, Jr., has suffered a loss of

affection, care, companionship and consortium of his wife Stacy Lockhart, for which he

is entitled to damages.

**WHEREFORE, the plaintiff prays for the following relief:**

1.     Compensatory damages in an amount to be set by a jury and this
        Honorable Court;

2.     Such other and further relief as the Court deems just and appropriate.

Dated at Bridgeport, Connecticut this 17th day of May 2016.

THE PLAINTIFF

By
        J. Craig Smith
        Federal Bar No. ct26662
        Kathleen L. Nastri
        Federal Bar No. ct01704
        Koskoff Koskoff & Bieder
        350 Fairfield Avenue
        Bridgeport, Connecticut 06604
        TEL: 203-336-4421
        FAX: 203-368-3244
        Email: csmith@koskoff.com

# EXHIBIT A

FIDUCIARY'S PROBATE
CERTIFICATE
PC-450  REV. 7/15

**STATE OF CONNECTICUT**

**COURT OF PROBATE**

| **COURT OF PROBATE, Niantic Regional Probate Court** | **DISTRICT NO. PD32** | |
|---|---|---|
| ESTATE OF/IN THE MATTER OF<br><br>Stacy Lockhart  (16-0223) | | DATE OF CERTIFICATE<br><br>May 11, 2016 |
| FIDUCIARY'S NAME AND ADDRESS<br>Walter Lockhart, Jr., 102 Summer Wind Circle, Madison, AL 35758 | FIDUCIARY'S POSITION OF TRUST<br>Administrator | DATE OF APPOINTMENT<br>May 11, 2016 |

*The undersigned hereby certifies that the fiduciary in the above-named matter has accepted appointment, is legally authorized and qualified to act as such fiduciary because the appointment is unrevoked and in full force as of the above date of certificate.*

**This certificate is valid for one year from the date of the certificate.**

*Other limitation, if any, on the above certificate:*

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of this Court on the above date of certificate.

Patricia Stratos, Chief Clerk

Court
Seal

**NOT VALID WITHOUT COURT OF PROBATE SEAL IMPRESSED**

FIDUCIARY'S PROBATE CERTIFICATE

PC-450